East'n. District.
*February* 1826.

TREME vs. *LANAUX'S SYNDICS.*

TREME
*vs.*
LANAUX'S
SYNDICS.

APPEAL from the court of the parish and city of New-Orleans.

The wife may renounce her mortgage on her husband's estate

PORTER, J., delivered the opinion of the court. The question presented in this case is whether the renunciation made by the wife of the insolvent, of the mortgage which she had on her husband's estate for the restitution of her dotal and paraphernal effects is binding on her.

This renunciation was made by public act, in a contract where the husband gave a mortgage to secure a person, who is now one of the creditors, against the responsibility he incurred by endorsing notes for the insolvent. The property on which the mortgage was renounced formed a part of the acquests during marriage.

The act of mortgage after stating that the wife of the mortgagor appeared and had become a party to the act, she being duly authorised to that effect, by her husband, proceeds thus, " and the said Mrs. Lanaux, after having read and understood what is already written, said and declared, that being well

East'n District.
*February* 1826.

TREME
*vs.*
LANAUX'S
SYNDICS.

informed of the rights which the law granted her on the property mortgaged by her husband in the present act, she consents to said mortgage, she renounces all rights of mortgage which she has on the same, and particularly the hypothecation resulting from their contract of marriage. Upon which the notary aforesaid, declared to the said Mrs. Lanaux, that before receiving her consent and renunciation, it was his duty to inform her that by the laws of this state, she had a tacit mortgage on the property of her husband, and also upon those of the community which existed between her and him, in case she renounced said community. *First*, for the restitution of her dowry, and for the replacing her dotal effects brought into marriage.— *Second*, for replacing the dotal property which she might have acquired during marriage, by succession, donation, or otherwise. *Third*, to indemnify her for the debts which he had contracted, or might contract with her husband, as well as for replacing her proper goods alienated. *Fourth*, for her paraphernal property, of which the husband might have the administration, and the use. And *fifth and lastly*, for the donations made by her husband by

TREME
vs.
LANAUX'S
SYNDICS.

cause of marriage. That by giving her consent to the said mortgage of her husband, she deprived herself irrevocably, and for ever, of her recourse on the property therein mentioned, whether by reason of mortgage, privilege, or otherwise, unless the said notes should be punctually paid by her husband.— Upon which, the said Mrs. Lanaux declared that she persisted in the same will she had already manifested, and to this effect she declared that she consented, and by these presents did expressly consent to the said mortgage, as being agreeable to her: abandoning all rights of mortgage or others, which she had, or might have upon the property which form the object thereof, whether by title of dowry, donation or otherwise, and renouncing formally, now and forever, her said right in favor of the said Claude René. And she promises and binds herself, as well in her name as in that of her heirs and assigns, that she will always hold and consider valid the said mortgage, as well as the renunciation she now makes, to the right which she had, or may have, on the property on which the said mortgage has been given: that she or no other person in her name, shall ever contest it, and she

renounces all rights, privileges, laws, and customs, existing in her favor, or which she might invoke against the said Claude René. By reason of which, &c. &c."

As there seems to exist yet a considerable doubt, as to the extent which married women may bind themselves with their husbands, and to the form as well as the effect of the renunciation made by her; the present seems a convenient and proper occasion for bringing together, and passing in review, the decisions already made in our courts on this subject.

The first case was that of *Beauregards' executor,* vs. *Peirnas' wife.* That was an action to recover out of the property of the wife, (the husband having become insolvent) the price of a slave sold by the testator to the husband by a notarial act of sale, to which the wife became a party, *as surety,* and as such in conjunction with her husband, hypothecated her property present and to come.

It was decided in favor of the defendant, on the ground that the renunciation was general, instead of being as the law required special; that the notary had failed to make mention the 61st Law of *Toro* was renounced,

TREME
*vs.*
LANAUX'S
SYNDICS.

but had stated generally, that she renounced all the Laws of *Toro.*—1 *Martin,* 281.

The second was that of *Brognier* vs. *Forstall.* In that case the wife *bound herself jointly with her husband,* to the payment of a debt, to secure which, they mortgaged to the creditors certain slaves. She afterwards contested the validity of the contract, on the ground that the obligation had not been made in such a manner as to bind her; and that it had not destroyed the tacit mortgage which she had on her husband's property, for the restitution of her dowry. The court gave judgment against her. On the first ground because the renunciation was formal; on the second, that the effect of this renunciation, was to destroy the tacit mortgage she had for the restitution of her dowry, as well as to render her liable according to the obligation she had entered into.

In pronouncing judgment, the court also decided, that when the renunciation was made in due form, it was unnecessary to prove the contract had turned out to be beneficial to the wife; and also that the case was not such a one as required a special renunciation, that being only requisite when the

husband contracted singly, as in cases where
he alone had a right to act.—3 *Martin*, 577.

The third case was that of *Bourcier* vs. *Lannusse*, where the wife *joined in the sale of property belonging to the community.* The court there took the distinction between those contracts in which the wife was a party principal, and those where she made her appearance in the character of a third party. But decided that the instrument produced was not binding on her, because she had renounced a law not made for the contract she had entered into; but for her protection in case she bound herself *in solido* with her husband. 3 *Martin*, 581.

The next time the question came before the court, was in the case of *Chapillon and wife* vs. *St. Maxent's heirs.* In the contract which gave rise to it, the wife had bound herself *jointly with her husband,* and mortgaged her property for a debt due by him. The renunciation was in due form, and the court adhering to its decision in the case of *Brognier* vs. *Forstall*, declared, that it was not necessary, to prove the debt was created for her advantage. 5 *Martin*, 167.

The same subject was again presented in the case of *Durnford* vs. *Gros and his wife.*

TREME
vs.
LANAUX'S
SYNDICS.

where the latter had entered into an obligation jointly with her husband.    *There was no renunciation in the act*, and the court decided that the plaintiff must prove the debt had turned to her benefit; and such proof not being given, judgment was for the defendants.

In that case, the court also held that the civil code had not changed the ancient laws in this matter, and they further declared, it their opinion, that in no case could the wife bind herself *as surety for the husband.*    7 *Martin*, 484.

The point last mentioned came directly before the court in the late case of *Banks* vs. *Trudeau*, and the opinion there expressed, in relation to the power of the wife *to become security for the husband*, was in conformity with that already intimated in the case of *Durnford* vs. *Gros.*    The court also held, that this prohibition could not be avoided by giving to the agreement the form of an obligation *in solido.* *Vol.* 2, 39.

From this review of these cases, it will appear, that, that now before us, is different from them all.    Here the wife neither bound herself jointly, nor as surety for her husband; she merely consented, that the property of the community on which she had a mortgage,

East'n. District.
*February* 1826.

TREME
*vs.*
LANAUX'S
SYNDICS,

should be hypothecated in favor of a third person. But even this question has been before the court, and decided, in a case which was not cited in argument, we allude to that of *La Farge* vs. *Morgan & al.* 11 *Martin*, 529.

The renunciation there made, was on a contract similar to this, and the manner in which the renunciation was made the same. That now before us, pursues almost literally, the 58th law of the 18th title of the 3d *Partidas*, which prescribes the manner the act should be drawn up, where the wife consents to an alienation made by the husband. We therefore think the renunciation binding on her. This opinion accords with an intimation made by the court in the case of *Bourcier* vs. *Lanusse*, though the point was not necessary to a decision of that cause.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Morel* for the plaintiff, *Morphy & Trabue* for the defendants.